things, Starbuzz's "total success on the merits" and the need for deterrence of "similarly frivolous claims against innocent Defendants."

■ The district court did not abuse its discretion because "the reasons given by the district court in this case are well-founded in the record and are in keeping with the purposes of the Copyright Act," *Fantasy, Inc. v. Fogerty,* 94 F.3d 553, 560 (9th Cir.1996). A successful defense furthers the purposes of the Copyright Act just as much as a successful infringement suit does. *See Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 527, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) ("[D]efendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement.").

### B

Starbuzz also requests attorneys' fees for this appeal under 17 U.S.C. § 505. Section 505 gives us the same discretion that it gave to the district court. *See Disenos Artisticos E Industriales, S.A. v. Costco Wholesale Corp.,* 97 F.3d 377, 382 (9th Cir.1996). We award attorneys' fees incurred in the defense of this appeal to Starbuzz in an amount to be determined by the district court. *See Fantasy,* 94 F.3d at 561 ("[W]e conclude that fees are warranted under § 505 inasmuch as it served the purposes of the Copyright Act for Fogerty to defend an appeal so that the district court's fee award would not be taken away from him.").

### IV

For the foregoing reasons, we affirm the district court's grant of summary judgment and award of attorneys' fees to Starbuzz. We award attorneys' fees for this appeal in an amount to be determined by the district court.

### AFFIRMED AND REMANDED.

BEA, Circuit Judge, concurring in part:

I concur with the majority's opinion, except for the part of Part II.C which discusses the level of deference owed to the Copyright Office's interpretations of the Copyright Act. The text of 17 U.S.C. § 101 does not suggest that "distinctiveness" is an element of separability. Because the statute is not ambiguous in this respect, it is unnecessary to look to the Copyright Office for further guidance.

Once we start engrafting administrative interpretation to our opinions, there is a tendency to look elsewhere than the text of the enactments of Congress. This misplaces the power of enactment of laws from the legislative to the administrative branch and is contrary to my concept of the separation of powers.

**C. B., a minor, Plaintiff–Appellee,**

v.

**CITY OF SONORA; Mace Mcintosh, Chief of Police; HAL PROCK, Officer, Defendants–Appellants.**

**No. 11–17454.**

United States Court of Appeals, Ninth Circuit.

Feb. 3, 2014.

John F. Martin, Esquire, Georgelle Christina Heintel, Esquire, Law Office of

John F. Martin, Walnut Creek, CA, for Plaintiff–Appellee.

Cornelius J. Callahan, Stephanie Y. Wu, Borton Petrini LLP, Modesto, CA, for Defendants–Appellants.

**ORDER**

KOZINSKI, Chief Judge:

Upon the vote of a majority of nonrecused active judges, it is ordered that this case be reheard en banc pursuant to Federal Rule of Appellate Procedure 35(a) and Circuit Rule 35–3. The three judge panel opinion shall not be cited as precedent by or to any court of the Ninth Circuit.

**State of ARIZONA; Terry L. Goddard, Attorney General for the State of Arizona; Arizona Department of Law, Civil Rights Division, Plaintiffs–Appellees,**

**Angela Aguilar, Intervenor–Plaintiff–Appellee,**

v.

**ASARCO LLC, Defendant–Appellant.**

No. 11–17484.

United States Court of Appeals, Ninth Circuit.

Feb. 28, 2014.

Ann Ruth Hobart, Esquire, Assistant Attorney General, Leslie Ross, Assistant Attorney General, Arizona Attorney General's Office, Phoenix, AZ, for Plaintiffs–Appellees.

Jenne S. Forbes, Waterfall Economidis Caldwell Hanshaw & Villamana, PC, Tucson, AZ, for Intervenor–Plaintiff–Appellee.

David T. Barton, Brian Alexander Howie, Eric B. Johnson, Quarles & Brady,

LLP, Phoenix, AZ, for Defendant–Appellant.

**ORDER**

KOZINSKI, Chief Judge:

Upon the vote of a majority of nonrecused active judges, it is ordered that this case be reheard en banc pursuant to Federal Rule of Appellate Procedure 35(a) and Circuit Rule 35–3. The three judge panel opinion shall not be cited as precedent by or to any court of the Ninth Circuit.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John R. MALONEY, Defendant–Appellant.**

No. 11–50311.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted En Banc Sept. 19, 2013.

Filed Feb. 28, 2014.

